Eric D. SMITH, Appellant–Plaintiff,

v.

MAXIMUM CONTROL FACILITY,
et al, Appellees–Defendants.

No. 46A03–0512–CV–609.

Court of Appeals of Indiana.

July 13, 2006.

Eric D. Smith, Westville, IN, pro se.

## OPINION

VAIDIK, Judge.

### Case Summary

Eric D. Smith, an inmate at the Maximum Control Facility at Westville Correctional Center, appeals the trial court's dismissal of his complaint pursuant to Indiana Code § 34–58–1–2, which provides a screening procedure for offender litigation. Because Smith filed a complaint to compel the facility to permit him to inspect and copy public records, which the Access to Public Records Act authorizes, we reverse the trial court.

## Facts and Procedural History

The record shows that after making requests with the Maximum Control Facility, Smith filed two separate complaints with the Public Access Counselor[1] regarding the facility's refusal to honor his requests to inspect and copy certain public records. Smith made his first request in the summer of 2004. Specifically, he asked the Maximum Control Facility to access records regarding prisoner meals and monies paid for those meals. The Maximum Control Facility denied his request, and Smith filed a formal complaint with the Public Access Counselor. In September 2004, the Public Access Counselor issued a formal advisory opinion that the Maximum Control Facility's "failure to timely respond to your request for access to public records is a violation of the Access to Public Records Act." Appellant's App. p. 32. When the Maximum Control Facility still did not honor Smith's request, he again complained to the Public Access Counselor. The Public Access Counselor sent Smith a letter advising him in pertinent part as follows:

> Pursuant to Ind.Code Section 5–14–3–9(e),[2] a person who has been denied the right to inspect or copy a public record by a public agency may file an action in the circuit or superior court of the county in which the denial occurred to compel the agency to permit the person to inspect and copy the public record. By virtue of having received a formal advisory opinion from this office, you have preserved your right to attorney fees

and reasonable costs of litigation should you substantially prevail in such a lawsuit.

Appellant's App. p. 37.

Smith made his second request in the spring of 2005. Specifically, he asked the Maximum Control Facility to access records regarding excessive force, chemical agents, and cell extractions that were used in June 2004. The Maximum Control Facility denied his request, and Smith filed a formal complaint with the Public Access Counselor. In June 2005, the Public Access Counselor issued an informal opinion[3] that provides in pertinent part, "If the Westville Correctional Unit did not respond to the request for records within seven (7) days of receiving the request [which was either May 11 or 12, 2005] it would be a violation of the Access to Public Records Act." Id. at 39. The Public Access Counselor also reminded Smith of his right "to file an action in the circuit or superior court of the county in [which] the denial occurred" pursuant to Indiana Code § 5–14–3–9. Id. The Maximum Control Facility did not give Smith access to these records either.

On November 2, 2005, Smith, pro se, filed a Complaint in LaPorte Superior Court against the Maximum Control Facility and some of its employees for "maliciously and/or negligently failing to timely respond to Mr. Smith's request of Access to Public Records, violation of the Access to Public Records Act (Indiana Code § 5–14–3)." Id. at 8. Smith sought "attorney fees, reasonable costs of litigation, and in-

---

1. For a description of the Public Access Counselor's qualifications, appointment, term, powers, and duties, see Indiana Code §§ 5–14–4–1 through –13.

2. Specifically, Indiana Code § 5–14–3–9(e) provides, "A person who has been denied the right to inspect or copy a public record by a public agency may file an action in the circuit

or superior court of the county in which the denial occurred to compel the public agency to permit the person to inspect and copy the public record."

3. The Public Access Counselor converted Smith's complaint to an informal opinion because his "request was not on the required form." Appellant's App. p. 38.

junctive relief," specifically an order "compelling the defendants to permit the Plaintiff to inspect and copy the public records he has requested." *Id.* at 8, 17.

That same day, the LaPorte Superior Court issued an Order dismissing Smith's complaint. Specifically, the trial court noted that Smith "complains about the quality of the food in regard to his Wic[can] beliefs, complaints [sic] about the amount of food and alleges that the DOC officials are involved in graft, and finally complains basically about the lack of response by the DOC officials to his complaints." *Id.* at 53. The court did not mention Smith's request for information concerning excessive force, chemical agents, and cell extractions. The court then found that

> the variety of claims that are presented by Mr. Smith's pleadings do not provide a basis upon which relief can be granted. Furthermore, the Court finds that the claims are frivolous without a basis in the law or the alleged facts. In summary, it appears that Mr. Smith's allegations are meant basically to harass the DOC personnel.

*Id.* The court concluded that pursuant to Indiana Code § 34–58–1–2, Smith's claim may not proceed and therefore dismissed the complaint with prejudice. The court added that because this was the third civil action in which a court found that Smith's claim may not proceed pursuant to Indiana Code § 34–58–1–2, he may not file a new complaint without the court first determining that he is in immediate danger of serious bodily injury.[4] Smith, pro se, now appeals the dismissal of his complaint.

Because the trial court dismissed Smith's complaint after conducting its review, there is no respondent and, therefore, no appellee. Accordingly, the Indiana Attorney General filed a notice of noninvolvement in this matter.

### Discussion and Decision

Smith contends that the trial court erred in dismissing his complaint pursuant to Indiana Code § 34–58–1–2.[5] Indiana Code § 34–58–1–1 provides, "Upon receipt of a complaint or petition filed by an offender, the court shall docket the case and take no further action until the court has conducted the review required by section 2 of this chapter." Section 2, in turn, provides in pertinent part:

> (a) A court shall review a complaint or petition filed by an offender and shall determine if the claim may proceed. A claim may not proceed if the court determines that the claim:
>
> > (1) is frivolous;
> >
> > (2) is not a claim upon which relief may be granted; or
> >
> > (3) seeks monetary relief from a defendant who is immune from liability for such relief.
>
> (b) A claim is frivolous under subsection (a)(1) if the claim:
>
> > (1) is made primarily to harass a person; or
> >
> > (2) lacks an arguable basis either in:
> >
> > > (A) law; or
> > >
> > > (B) fact.

Ind.Code § 34–58–1–2. If a court determines that a claim may not proceed under

---

4. The trial court identified the other two actions that had been dismissed as *"Eric D. Smith v. Ralph Carrasco and David Miller*, Cause No. 46D03–0505–CT–184 and *Eric D. Smith v. Lt. P.B. McKee, Donna Southward, et al*, Cause No. 46D03–0508–MI–290." Appellant's App. p. 53. We are issuing opinions in both of these cases today. *See Smith v.*

*McKee*, 850 N.E.2d 471 (Ind.Ct.App., 2006), and *Smith v. Carrasco*, 850 N.E.2d 468 (Ind. Ct.App., 2006).

5. Indiana Code § 34–58–1–2 went into effect on July 1, 2004, and applies to causes of action filed after June 30, 2004. P.L. 80–2004.

section 2, the court shall enter an order explaining why the claim may not proceed and stating whether there are any remaining claims in the complaint or petition that may proceed. Ind.Code § 34–58–1–3.

In reviewing the dismissal of an offender's claim, complaint, or dismissal pursuant to Indiana Code § 34–58–1–2, we employ a *de novo* standard of review. *Smith v. Huckins,* 850 N.E.2d 480, 484 (Ind.Ct.App., 2006). Like the trial court, we look only to the well-pleaded facts contained in the complaint or petition. *Id.* Further, we determine whether the complaint or petition contains allegations concerning all of the material elements necessary to sustain a recovery under some viable legal theory. *Id.*

Here, the trial court followed the steps set out in Indiana Code §§ 34–58–1–1, –2 and concluded that Smith's complaint was frivolous and did not state a claim upon which relief may be granted. In dismissing Smith's complaint, the trial court misunderstood the relief Smith was seeking. After receiving two favorable rulings from the Public Access Counselor, Smith sought to compel the Maximum Control Facility to permit him to inspect and copy the requested records. The motivation behind Smith's request for these records is irrelevant and immaterial. Indiana Code § 5–14–3–3(a) provides that *"[a]ny* person may inspect and copy the public records of any public agency during the regular business hours of the agency, except as provided in section 4 of this chapter." (emphasis added). In addition, "No request may be denied because the person making the request refuses to state the purpose of the request, unless such condition is required by other applicable statute." *Id.* Though offender litigation is becoming prolific and statutes have been enacted to curb such litigation, Smith is entitled to access the public records, and he has the support of the Public Access Counselor. In his complaint, Smith sought an order "compelling the defendants to permit the Plaintiff to inspect and copy the public records he has requested. . . ." Appellant's App. p. 17. This is exactly what Indiana Code § 5–14–3–9(e) advises him to do. We therefore conclude that the trial court erred in dismissing Smith's complaint.[6]

We also address the restrictions the trial court placed upon him pursuant to Indiana Code § 34–58–2–1. Specifically, Indiana Code § 34–58–2–1 provides, "If an offender has filed at least three (3) civil actions in which a state court has dismissed the action or a claim under IC 34–58–1–2, the offender may not file a new complaint or petition unless a court determines that the offender is in immediate danger of serious bodily injury (as defined in IC 35–41–1–25)." Because we are reversing this dismissal, such a restriction was premature at this point. However, we are issuing opinions in *Smith v. McKee,* 850 N.E.2d 471 (Ind.Ct.App., 2006), *Smith v. Huckins,* 850 N.E.2d 480 (Ind.Ct.App., 2006), *Smith v. Carrasco,* 850 N.E.2d 468 (Ind.Ct.App., 2006), today as well. In *Smith v. Huckins,* we affirmed the restrictions the trial court placed upon Smith pursuant to Indiana Code § 34–58–2–1. Therefore, Smith may not file a new complaint or petition unless a court determines that he is in immediate danger of serious bodily injury.

Reversed and remanded.

ROBB, J., and MATHIAS, J., concur.

---

6. For purposes of remand, we note the general rule that "[p]ro se litigants are not entitled to attorney's fees." *Counceller v. Counceller,* 810 N.E.2d 372, 378 (Ind.Ct.App.2004) (citing *Miller v. W. Lafayette Comm. Sch. Corp.,* 665 N.E.2d 905, 906–07 (Ind.1996)).