Eric D. SMITH, Appellant–Plaintiff,

v.

WAL–MART STORES EAST, LP, Appellee–Defendant.

No. 41A05–0602–CV–71.

Court of Appeals of Indiana.

Aug. 23, 2006.

Transfer Denied Nov. 21, 2006.

Eric D. Smith, Westville, IN, pro se Appellant.

Thomas L. Davis, Julia Blackwell Gelinas, Ian L. Stewart, Locke Reynolds LLP, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Eric D. Smith, a *pro se* inmate at the Westville Correctional Center, appeals the trial court's dismissal of his complaint against Wal–Mart Stores East, LP ("Wal–Mart"). Because Smith's complaint against Wal–Mart is simply an attempt to relitigate his 2001 arson conviction, we conclude that his complaint is frivolous and therefore affirm the trial court's dismissal pursuant to Indiana Code § 34–58–1–2, which provides a screening procedure for offender litigation.

### Facts and Procedural History

In 2001, Smith was convicted of arson as a Class B felony for the Wyckford Commons Apartment fire in Marion County, Indiana, and the trial court sentenced him to the maximum term of twenty years. One of the State's witnesses testified at trial that Smith had purchased a Duraf-

lame log from Wal–Mart between 4:00 p.m. and 8:00 p.m. on February 23, 2001, the date of the arson. Shortly after Smith was convicted, he called the Wal–Mart store in Franklin, Indiana, to determine whether a Duraflame log had been purchased there on February 23, 2001. A Wal–Mart employee conducted a UPC search and found that no fire logs had been sold that day.

Smith, represented by counsel, appealed to this court, and we affirmed his conviction. *Smith v. State*, No. 49A04–0201–CR–31, 779 N.E.2d 978 (Ind.Ct.App. Nov.19, 2002), *trans. denied.* Thereafter, in 2004, Smith, *pro se*, filed a petition for post-conviction relief raising ineffective assistance of trial and appellate counsel. One of the specific issues that Smith raised was whether his trial counsel was ineffective for failing to investigate whether he had purchased a Duraflame log from Wal–Mart on February 23, 2001. At the post-conviction hearing, a Wal–Mart employee testified that "although her UPC code search did not find a fire log sale, that the logs could have been sold without them reflecting what the item was if the sale of the Duraflame log was hard-keyed into the register, so she couldn't absolutely say that they was [sic] not sold." Appellant's App. p. 12. In addition, Wal–Mart's attorney wrote a letter to the court explaining that he had conducted a more detailed search, and no records were found showing that a Duraflame or any other brand of fire log had been sold on February 23, 2001. *See id.* at 13. The trial court denied Smith's petition for post-conviction relief, and he appealed to this court.

On appeal, we affirmed the denial of Smith's petition for post-conviction relief. *Smith v. State*, No. 49A05–0409–PC–495, 846 N.E.2d 373 (Ind.Ct.App. Apr.13, 2006), *reh'g denied.* As to the Duraflame log issue, we specifically held that Smith's trial counsel was not ineffective for failing to investigate whether Smith had purchased a Duraflame log from Wal–Mart on February 23, 2001, because "the defense that Smith insisted on at trial was that Hinkle, not Smith, had committed the arson. Accordingly, because Smith denied any role in the arson, whether Duraflame logs had been purchased on any particular day was irrelevant." Slip op. at 10–11.

In response to the Wal–Mart employee's testimony at the post-conviction hearing (and *after* the trial court's denial of his petition for post-conviction relief), Smith tried to obtain the actual sales receipts from Wal–Mart from 4:00 p.m. to 8:00 p.m. on February 23, 2001, but Wal–Mart did not produce them.[1] Even though the evidence before the post-conviction court was that no Duraflame logs were purchased from Wal–Mart on February 23, 2001, Smith alleges that the actual sales receipts are crucial because they will "show that the items was [sic] not purchased." Appellant's App. p. 14. Smith claims to have "written several motions about this to the Marion County Superior Court and the Indiana Court of Appeals, but they either cannot or will not help [him] obtain this crucial evidence, because the Courts do not answer him." *Id.* at 13–14.

As a result of his failure to obtain the sales receipts, on August 31, 2005, Smith filed a complaint in Johnson Superior Court alleging that Wal–Mart "violated [his] rights under Article I, Section 9, 12, 16, 18, and 23 of the Indiana State Constitution's Bill of Rights." *Id.* at 15. The complaint also alleges that Wal–Mart's ac-

---

1. Smith alleges in his complaint in this case that Wal–Mart did not produce the sales receipts because "the retrieval of these documents would incur considerable expense and time spent and would locate no further information than" what Wal–Mart's attorney already wrote to the court. Appellant's App. p. 14.

tion "constitutes negligence under Indiana State law. [Wal–Mart] owe[s] [Smith] a duty to provide evidence that would support his innocence without interfering with his constitutional rights to do so." *Id.* In his complaint, Smith asks the Johnson Superior Court to issue an injunction ordering Wal–Mart to produce the sales receipts from 4:00 p.m. to 8:00 p.m. on February 23, 2001, and that he be awarded attorney fees in the amount of $2000.00.[2]

On October 6, 2005, Smith filed a motion for default judgment. After an attorney entered an appearance for Wal–Mart, the trial court denied Smith's motion for default judgment. Thereafter, Wal–Mart filed a motion to dismiss. Specifically, Wal–Mart alleged in its motion:

> [P]ursuant to Indiana Rules of Trial Procedure 12(B)(1)[,] [Wal-mart] respectfully moves the Court to dismiss plaintiff's cause of action against it as the proper court to hear plaintiff's claim is a post-conviction court. In addition, pursuant to Indiana Rule of Trial Procedure 12(B)(6), Wal–Mart respectfully moves the Court to dismiss plaintiff's cause of action against it as there is no rule of constitutional law mandating access to Wal–Mart's documents and Wal–Mart had no duty toward the plaintiff from which a claim of negligence could arise.

*Id.* at 30. On January 10, 2006, the trial court granted Wal–Mart's motion to dismiss in a one-sentence order. Smith filed a motion to reconsider, which the trial court denied. Smith, *pro se,* now appeals the dismissal of his complaint.

### Discussion and Decision

Smith raises numerous issues on appeal, one of which we find dispositive: whether the trial court erred in dismissing his complaint. In 2004, the General Assembly enacted a host of statutes whose purpose is to screen and limit civil actions filed by offenders, such as Smith. These five statutes—specifically, Indiana Code §§ 34–58–1–1 to –4 and Indiana Code § 34–58–2–1—apply to causes of action filed after June 30, 2004. P.L. 80–2004. These statutes are in direct response to the prolific offender litigation that has been occurring in our state courts and were designed to balance an offender's right to file a civil action with the heavy burden that those suits have placed on our judicial system.

The first of these statutes, Indiana Code § 34–58–1–1, provides, "Upon receipt of a complaint or petition filed by an offender, the court shall docket the case and take no further action until the court has conducted the review required by section 2 of this chapter." Section 2, in turn, provides in pertinent part:

> (a) A court shall review a complaint or petition filed by an offender and shall determine if the claim may proceed. A claim may not proceed if the court determines that the claim:
>
>> (1) is frivolous;
>>
>> (2) is not a claim upon which relief may be granted; or
>>
>> (3) seeks monetary relief from a defendant who is immune from liability for such relief.
>
> (b) A claim is frivolous under subsection (a)(1) if the claim:
>
>> (1) is made primarily to harass a person; or
>>
>> (2) lacks an arguable basis either in:
>>
>>> (A) law; or
>>>
>>> (B) fact.

Ind.Code § 34–58–1–2. If a court determines that a claim may not proceed under

---

2. We point out that Smith incorrectly identified Wal–Mart Stores East, LP as "Wal–Mart of Franklin" when filing his complaint and summons.

section 2, the court shall enter an order explaining why the claim may not proceed and stating whether there are any remaining claims in the complaint or petition that may proceed. Ind.Code § 34–58–1–3.

In addition, Indiana Code § 34–58–2–1 provides, "If an offender has filed at least three (3) civil actions in which a state court has dismissed the action or a claim under IC 34–58–1–2, the offender may not file a new complaint or petition unless a court determines that the offender is in immediate danger of serious bodily injury (as defined in IC 35–41–1–25)." We hold today in the opinion of *Smith v. Indiana Department of Correction*, No. 49A02–0601–CV–58, 853 N.E.2d 127, 2006 WL 2423080 (Ind.Ct.App. Aug.23, 2006), that this statute does not violate the Open Courts and Privileges and Immunities Clauses of the Indiana Constitution.

Focusing on Indiana Code § 34–58–1–1, we point out that this statute contemplates that the trial court conducts a *sua sponte* review of an offender's complaint or petition promptly upon filing. This means that the court's review should occur *before* the defendant even has an opportunity to become involved in the case and to file a responsive pleading or any other dispositive motion, such as a motion to dismiss, which was filed in this case.[3] This prompt review is so that the defendant does not have to expend time and money on a meritless or frivolous case. Here, the trial court did not conduct a prompt review that is required when an offender files a complaint or petition against a non-governmental party. In *Smith v. Indiana Department of Correction*, we noted that unlike its federal counterpart, Indiana

Code § 34–58–1–2 does not contain any language that limits its application to civil actions against the State and its agencies and employees. No. 49A02–0601–CV–58, 853 N.E.2d at 136, 2006 WL 2423080. Therefore, we concluded that Indiana Code § 34–58–1–2 applies regardless of whether the defendant is the State (or its agencies or employees) or a private party. *Id.* Using this same rationale, we conclude that Indiana Code §§ 34–58–1–1 to –4 and Indiana Code § 34–58–2–1 apply to Smith's complaint in this case.

■■■ Having determined that these statutes apply to Smith, we now address whether, under Indiana Code § 34–58–1–2, the trial court erred in dismissing Smith's complaint in this case. We recently held in *Smith v. Huckins* that the standard of review for dismissals made pursuant to Indiana Code § 34–58–1–2 is *de novo*. 850 N.E.2d 480, 484 (Ind.Ct.App.2006). Like the trial court, we look only to the well-pleaded facts contained in the complaint. *Id.* Further, we determine whether the complaint contains allegations concerning all of the material elements necessary to sustain a recovery under some viable legal theory. *Id.*

■■ Looking to Smith's complaint in this case, we note that it is a self-described attempt to "show his actual innocence" for his 2001 arson conviction. *See* Appellant's App. p. 16. In order to do so, Smith asked the trial court to issue an injunction to Wal–Mart ordering it to produce the sales receipts from 4:00 p.m. to 8:00 p.m. on February 23, 2001.[4] Though labeled a

---

3. Because of this, Smith's argument that the trial court erred in denying his motion for default judgment fails.

4. Even assuming that Wal–Mart produced the sales receipts and they conclusively showed

that a Duraflame log was not purchased, we held in Smith's appeal from the denial of his petition for post-conviction relief (which we issued after the briefing in this case was complete) that it would not have made any difference. That is, "because Smith denied any

"Complaint," *see id.* at 10, Smith's request is nothing more than a request for discovery to support his post-conviction claim that his trial counsel was ineffective for failing to investigate whether he had purchased a Duraflame log from Wal–Mart on February 23, 2001. Such a discovery request should have been directed to the post-conviction court. *See* Ind. Post–Conviction Rule 1(5) ("All rules and statutes applicable in civil proceedings including pre-trial and *discovery* procedures are available ....") (emphasis added). The post-conviction court, in turn, would have had the discretion to grant or deny such request.[5] *See Roche v. State*, 690 N.E.2d 1115, 1133 (Ind.1997) (stating that when it appears that a defendant's motion to compel discovery is nothing more than an assertion of a post-conviction right to investigate possible claims, and not to vindicate actual claims, the post-conviction court acts within its discretion in denying the motion to compel discovery), *reh'g denied.*

After a direct appeal, a post-conviction proceeding is a defendant's exclusive means in the Indiana court system to challenge his conviction. *See* P–C.R. 1(1)(b). Because of this basic and fundamental principle, Smith's attempt to rechallenge his 2001 arson conviction in a civil proceeding against Wal–Mart is frivolous because it simply lacks an arguable basis in the law. *See* I.C. § 34–58–1–2(a)(1), (b)(2)(A). Even though the trial court did not dismiss Smith's complaint pursuant to Indiana Code § 34–58–1–2, we can affirm a trial court's dismissal on any theory or basis found in the record. *See Soloman v. Blue*

*Chip Casino, Inc.*, 772 N.E.2d 515, 517 (Ind.Ct.App.2002), *trans. denied; Martin v. Heffelfinger*, 744 N.E.2d 555, 558 (Ind. Ct.App.2001). Therefore, we affirm the trial court's dismissal of Smith's complaint in this case.

Affirmed.

DARDEN, J., and RILEY, J., concur.

---

role in the arson, whether Duraflame logs had been purchased on any particular day was irrelevant." *Smith,* No. 49A05–0409–PC–495, slip op. at 10–11.

5. Indeed, Smith alleges that he "has written several motions about this to the Marion County Superior Court [the post-conviction court]" to no avail. Appellant's App. p. 13–14. We note that Smith, however, does not include these motions in the record on appeal. In any event, Smith's response should have been to challenge that court's denial of his motions, not to file a complaint against Wal–Mart in Johnson Superior Court.