Eric D. SMITH, Appellant,

v.

Juanita HARRIS, Appellee.

No. 46A03–0607–CV–305.

Court of Appeals of Indiana.

Feb. 16, 2007.

Eric D. Smith, New Castle, IN, Appellant pro se.

Steve Carter, Attorney General of Indiana, Elizabeth Rogers, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

FRIEDLANDER, Judge.

Veteran pro se litigant Eric D. Smith, an inmate at Pendleton Correctional Facility,

appeals the trial court's dismissal of his complaint pursuant to Ind. Trial Rule 41(E), for failure to prosecute his action. He presents the following issues for review:

1. Did the trial court err in refusing to appoint counsel for Smith?

2. Did the trial court err in dismissing Smith's case under T.R. 41(E)?

We affirm.

Because it is relevant to the dismissal of the instant complaint, we note that this court has recently been inundated with appeals from this appellant. *See, e.g., Smith v. Wal–Mart Stores E., LP*, 853 N.E.2d 478 (Ind.Ct.App.2006), *trans. denied; Smith v. Indiana Dep't of Corr.*, 853 N.E.2d 127 (Ind.Ct.App.2006); *Smith v. Carrasco*, 850 N.E.2d 468 (Ind.Ct.App. 2006); *Smith v. Huckins*, 850 N.E.2d 480 (Ind.Ct.App.2006); *Smith v. Maximum Control Facility*, 850 N.E.2d 476 (Ind.Ct. App.2006); and *Smith v. McKee*, 850 N.E.2d 471 (Ind.Ct.App.2006). In three of those cases, we affirmed the dismissal of his complaint under Ind.Code Ann. § 34–58–1–2 (West, PREMISE through 2006 Second Regular Session), which permits dismissal of a complaint that the court determines to be frivolous or one upon which relief cannot be granted. *See Smith v. Wal–Mart Stores E., LP*, 853 N.E.2d 478; *Smith v. Carrasco*, 850 N.E.2d 468; *Smith v. Huckins*, 850 N.E.2d 480. In a fourth case, we affirmed dismissal of his complaint under I.C. § 34–58–2–1 (West, PREMISE through 2006 Second Regular Session), which permits dismissal where "an offender has filed at least three (3) civil actions in which a state court has dismissed the action or a claim under IC 34–58–1–2." *See Smith v. Indiana Dep't of Corr.*, 853 N.E.2d 127.

Turning now to the instant case, the trial court dismissed Smith's complaint on T.R. 41(E) grounds, i.e., failure to prosecute. In reviewing that ruling, we must first examine Smith's actions. On April 28, 2003, Smith commenced an action against Juanita Harris alleging that while acting under color of state law, she deprived him of his rights by failing or refusing to make all the copies of certain legal documents that Smith had requested. Between that day and July 14, 2004, Smith filed twelve separate motions relative to this case, including a motion to appoint counsel, which was the last one filed in that time period. After a July 15, 2005 hearing, the trial court ruled on the motions pending before it. The motion for appointment of counsel was denied, notwithstanding a finding that Smith was indigent. The motion was denied on two grounds. First the trial court determined that Smith had "failed to make a diligent effort to obtain an attorney before filing the application." *Appellant's Appendix* at 356. The court also cited the fact that Smith was unlikely to prevail on the merits of his claim. On September 30, 2004, and again on July 29, 2005, Smith filed discovery responses.

No further action ensued in the case until February 23, 2006, when the trial court issued an order directing Smith to show cause why his lawsuit should not be dismissed under T.R. 41(E) for failure to prosecute. At the hearing thereon, Smith claimed there were seven reasons why he had done nothing in his case since September 2005. Those claims are as follows: (1) Smith had been trying to obtain counsel since the court denied his request for appointed counsel; (2) he "had been involved with other cases [of his] and hearings that [have] taken his time away from this cause", *Appellant's Appendix* at 419; (3) prison staff in the facility where he was incarcerated were physically beating Smith; (4) the prison staff where Smith was incarcerated "maliciously destroyed

and lost", *id.* at 420, the materials pertaining to this law suit, and Smith had been trying to reproduce those documents; (5) Smith "has also been on suicide watch, strip cell, and is mental medication [sic] which has kept [him] from any writing materials and property, and which also makes [him] fall asleep for hours and hours a day", *id.;* (6) Smith was at that time preparing a summary judgment motion for this cause; and finally (7), which he explains as follows:

> Plaintiff is still a punitive segregated prisoner; therefore, he cannot leave his cell and must use a cell delivery system for all legal materials, including research items. Which legal books are not allowed [sic]. The law librarian here also refuses to copy most of plaintiff's legal papers, has lost some, and discriminates against plaintiff because of plaintiff's legal endeavors, and as a result, it takes weeks to months to obtain legal materials, if you get any, from the law library. This is why plaintiff is being held in segregation, so the Indiana Department of Correction and its staff can manipulate plaintiff's legal and corresponding endeavors, as example by [sic] this case here.

*Id.* at 421. Following a hearing, the trial court dismissed Smith's cause.

### 1.

■ We begin by addressing Smith's argument that the trial court erred in refusing to appoint counsel for him. Smith sought counsel on grounds of indigence. After finding that Smith was indeed indigent, the trial court declined to appoint counsel. In conjunction with his request for counsel, we note that, among other things, Smith presented no evidence whatever that he made a diligent effort to obtain an attorney, which he was required to do in order to obtain appointed counsel. *See* Ind.Code Ann. § 34–10–1–2(d)(1)

(West, PREMISE through 2006 Second Regular Session) ("[t]he court shall deny an application made under section 1 of this chapter if the court determines: ... [t]he applicant failed to make a diligent effort to obtain an attorney before filing the application".) The trial court did not err in declining to appoint counsel to represent Smith.

### 2.

■ Smith contends the trial court erred in dismissing his case pursuant to T.R. 41(E).

■ We will reverse a dismissal pursuant to Rule 41(E) for failure to prosecute only upon a finding of abuse of discretion. *Belcaster v. Miller,* 785 N.E.2d 1164 (Ind. Ct.App.2003), *trans. denied.* An abuse of discretion occurs where the decision of the trial court is against the logic and effect of the facts and circumstances before it. *Id.* Generally, we balance several factors to determine whether a trial court abused its discretion in dismissing a case for failure to prosecute. Those factors include:

> (1) the length of the delay; (2) the reason for the delay; (3) the degree of personal responsibility on the part of the plaintiff; (4) the degree to which the plaintiff will be charged for the acts of his attorney; (5) the amount of prejudice to the defendant caused by the delay; (6) the presence or absence of a lengthy history of having deliberately proceeded in a dilatory fashion; (7) the existence and effectiveness of sanctions less drastic than dismissal which fulfill the purposes of the rules and the desire to avoid court congestion; (8) the desirability of deciding the case on the merits; and (9) the extent to which the plaintiff has been stirred into action by a threat of dismissal as opposed to diligence on the plaintiff's part.

*Id.* at 885. " 'The weight each factor has in a particular case appears to depend upon the facts of that case. However, a lengthy period of inactivity may be enough to justify dismissal under the circumstances of a particular case, especially if the plaintiff has no excuse for the delay.' " *Id.* (quoting *Lee v. Friedman,* 637 N.E.2d 1318, 1320 (Ind.Ct.App.1994)).

We begin by noting that Smith's contention that his cause was delayed by the lack of counsel is unpersuasive. Smith has represented himself in a number of actions, some of which are recounted above, and that experience greatly diminishes the argument that, as a non-attorney, he simply did not know how to proceed in a timely manner. We also note the incongruity between this claim and his claim that he was too busy with other cases he was prosecuting to give the instant case the time it needed. Smith cannot have it both ways. For the same reason, we find unavailing Smith's claim that his lack of diligence was caused by abusive mistreatment and, in effect, blocking tactics at the hands of prison officials. It seems that despite this alleged lack of cooperation and mistreatment, Smith apparently managed during the same timeframe to actively litigate other actions he has filed. It would appear that with so many irons in the fire, Smith simply let this one grow cold, whether by choice or lack of diligence. Either way, it does not constitute excusable neglect or a condition beyond Smith's control, within the meaning of the factors set forth in *Belcaster.*

Having rejected all of the above-proffered explanations for Smith's lack of diligence, there remain only two, i.e., that Smith's emotional state rendered him mentally and physically incapable of prosecuting his action, and the claim that he was at the time the motion to dismiss was filed preparing a summary judgment motion for this cause. Again, these two claims are at odds with each other. He claims on the one hand that he was incapable of doing anything, and on the other that he was working on a motion that he would shortly present to the court.

In conclusion Smith has offered no good reason for his failure to diligently prosecute his case. For almost seven months he did nothing to move his case along, and the responsibility for that inactivity must be borne entirely by Smith, as he had no attorney. It appears that he was prompted to act again only because of the threat of dismissal of his lawsuit. *See Belcaster v. Miller,* 785 N.E.2d 1164. We note also that all of those factors he claims conspired to thwart his efforts at litigation during the almost seven-month period of inactivity somehow did not prevent him from responding vigorously when the specter of dismissal loomed in his lawsuit against Harris. Moreover, we summarily agree with the trial court's assessment that Smith would be unlikely to prevail if this case proceeded to a judgment on the merits. For these reasons, we are satisfied that the trial court did not abuse its discretion in dismissing Smith's case under T.R. 41(E).

Judgment affirmed.

KIRSCH, C.J., and RILEY, J., concur.