**Bonnie M. SANTANA, Appellant–Respondent,**

v.

**William SANTANA, Appellee–Petitioner.**

No. 71A04–9810–CV–498.

Court of Appeals of Indiana.

April 9, 1999.

---

Catherine B. Sherry, Hesch Rosenberg Roberts & Sherry, Mishawaka, Indiana, Attorney for Appellant.

## OPINION

SHARPNACK, Chief Judge

Bonnie Santana ("Mother") appeals the trial court's denial of her motion for change of judge in an action for modification of grandparent visitation filed by William Santana ("Grandfather"), the paternal grandfather of Mother's children. Mother raises one issue which we restate as whether, pursuant to Ind. Trial Rule 76, a party is entitled to a change of judge as a matter of right with respect to a petition for modification of grandparent visitation. We reverse.

The relevant facts follow. In 1997, the trial court granted Grandfather visitation with his granddaughter, H.D. On May 14, 1998, Grandfather filed a petition for modification of grandparent visitation. On May 19, 1998, Mother filed a motion for change of judge which was granted that same day by the trial court. Thereafter, Grandfather filed a motion to reconsider. After a hearing on the motion to reconsider, the trial court reversed its order granting the change of judge.

■ Before we reach the merits of this appeal, we note that Grandfather failed to file an appellee's brief. When the appellee fails to submit a brief, we need not undertake the burden of developing an argument for the appellee. Applying a less stringent standard of review, we may reverse the trial court if the appellant can establish *prima facie* error. *Johnson County Rural Elec. v. Burnell*, 484 N.E.2d 989, 991 (Ind.Ct.App. 1985). *Prima facie* in this context is defined as "at first sight, on first appearance, or on the face of it." *Id.* Where an appellant is unable to meet this burden, we will affirm. *Blair v. Emmert*, 495 N.E.2d 769, 771 (Ind. Ct.App.1986), *reh'g denied, trans. denied.*

■ Mother asserts that she was entitled to an automatic change of judge regarding Grandfather's petition for modification of visitation. We agree. The applicable rules for change of judge are found in T.R. 76 and Ind.Code § 34–2–12–1. Trial Rule 76 provides in relevant part as follows:

"(B) *In civil actions, where a change may be taken from the judge,* such change *will be granted* upon the filing of an unverified application or motion without specifically stating the ground therefore by a party or his attorney. Provided, however, a party shall be entitled to only one [1] change from the judge. After a final decree is entered in a dissolution of marriage case, a party may take only one change of judge in connection with petitions to modify that decree, regardless of the number of times new petitions are filed. . . .

\* \* \* \* \*

■ (C) In any action except criminal no change of judge or change of venue from the county shall be granted except within the time herein provided. . . .

> (1) in those cases where no pleading or answer may be required to be filed by the defending party to close issues (or no responsive pleading is required under a statute), each party shall have thirty [30] days from the date the same is placed and entered on the chronological case summary of the court."

(emphasis added). Indiana Code § 34–2–12–1 [1] provides:

> "When any matter of a civil, statutory or equitable nature not triable by a jury, is pending, the judge before whom said cause is pending shall change the venue thereof upon the application of either party to such cause, made upon affidavit, of either party or his attorney, showing any one or more of the reasons named in the statutes of this state authorizing changes of venue from the judge in civil actions. And the presiding judge shall make an appointment of a special judge to hear such cause in the manner provided by law for changes of venue in civil actions."

Therefore, "Trial Rule 76 along with [I.C. § 34–2–12–1] covers any 'civil action' and makes it mandatory to grant a change of venue when the time limitations are satisfied." *In re Goetcheus*, 446 N.E.2d 39, 41 (Ind.Ct.App.1983) (holding that petitions for removal of a guardian are "civil actions" within the provisions of T.R. 76). The question in this appeal, yet to be addressed in Indiana, is whether a petition for modification of grandparent visitation is a civil action thereby qualifying for a change of judge as a matter of right.

Mother cites *In re the Marriage of K.B. v. S.B.*, 415 N.E.2d 749 (Ind.Ct.App.1981), as the case most analogous to the facts before us. In *Marriage of K.B.*, we held that a petition to modify parental visitation constituted a civil action as contemplated by I.C. § 34–2–12–1 and was therefore entitled to a

change of judge under T.R 76. *Id.* at 757. In so holding we reasoned:

> "The language of I.C. § 34–2–12–1 is quite broad. It does not require the matter to be a new civil action as K.B. contends. Instead, it confers the right to a change of judge in any matter of a civil, statutory, or equitable nature. Matters of a statutory nature within the meaning of I.C. § 34–2–12–1 have been held to include an action for divorce, *McDaniels v. McDaniels*, (1945) 116 Ind.App. 322, 62 N.E.2d 876, trans. den., and a proceeding to modify support payments. *Rhinehalt v. Rhinehalt*, (1920) 73 Ind.App. 211, 127 N.E. 10. We hold that such matters also include a proceeding to modify visitation rights, for such a proceeding is statutory in nature and is not triable by a jury. K.B.'s contention that the continuing jurisdiction of the trial court in custody and visitation cases prevents any change of judge is without merit. As Judge Enloe stated in *Rhinehalt, supra*, 73 Ind.App. at 214, 127 N.E. at 11: 'The jurisdiction over the said child still remains in the same court. It simply authorizes a change as to the judge who shall hear and determine the matters in controversy.' "

*Id.* We find the same reasoning applicable to petitions to modify grandparent visitation. Grandparent visitation is a right that is statutory in nature. Indiana Code § 31–17–5–7 specifically provides for modification stating that "[t]he court may modify an order granting or denying visitation rights whenever modification would serve the best interests of the child." Based on our reasoning in *Marriage of K.B.*, we conclude that a petition for modification of grandparent visitation is a civil action under I.C. § 34–2–12–1. As a result, we further conclude that a party to such a petition may move for an automatic change of judge pursuant to T.R. 76 so long as the motion for change of judge comports with the time limits set forth in the Rule. Here, Mother's petition for change of judge was timely filed within five days of Grandfather's petition for modification of visitation.

1. The current version of this statute is now found at I.C. § 34–35–3–3.

Consequently, we reverse the trial court's denial of the motion for change of judge.

Reversed.

DARDEN, J. and ROBB, J. concur.