**AUTO–OWNERS INSURANCE CO., Appellant–Defendant,**

v.

**Margaret Anne COX, Appellee–Plaintiff.**

No. 48A02–0003–CV–179.

Court of Appeals of Indiana.

July 14, 2000.

Donald K. McClellan, McClellan, McClellan & Arnold, Muncie, Indiana, Attorney for Appellant.

## OPINION

KIRSCH, Judge

In this interlocutory appeal, Auto–Owners Insurance Company appeals the trial court's denial of its motion for summary judgment in a case brought by Margaret Anne Cox based upon breach of a contract of insurance. Upon appeal, Auto–Owners claims that the trial court erred in denying the motion because there is no factual dispute that Cox did not comply with the terms of the insurance policy by bringing suit within one year.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On March 12, 1991, an ice storm damaged Cox's roof. She immediately notified the Howard Webb Insurance Agency through which she purchased her homeowner's insurance. Later the same month, the Webb Agency sent a maintenance company to perform repair work on the roof, but the repairs did not fix the damage. Cox continued to discuss the damage with the Webb Agency, which informed her it would discuss the problems at a later date, but continued to stall in making the necessary repairs. Cox moved out of the home in the fall of 1991.

In September of 1992, Cox discovered that the roof was badly sagging and reported the damage to the Webb Agency. For the first time, the Webb Agency issued a Property Loss Notice on September 23, 1992 to Auto–Owner's Insurance claiming storm damage. Auto–Owners assigned a claim representative to handle the claim. The claim representative examined the property, obtained estimates for repairs, and issued a claim draft in the amount of $667. Auto–Owners apparently issued the draft in the mistaken belief that the storm damage occurred on or about September 12, 1992 rather than from the March 12, 1991 ice storm.

Cox filed her complaint against the Webb Agency and Auto–Owners on March 9, 1993. Auto–Owners filed a motion for summary judgment contending that it was entitled to summary judgment because the twelve month limitation of actions provision in the insurance policy was violated and had not been waived. The trial court denied the motion. Auto–Owners subsequently petitioned the trial court to certify the order for an interlocutory appeal. The trial court certified the matter, and we accepted jurisdiction pursuant to Ind. Appellate Rule 4(B)(6).

## DISCUSSION AND DECISION

Auto–Owners challenges the trial court's denial of its motion for summary judgment. It claims that it should have prevailed on its motion for summary judgment based upon the authority of *Summers v. Auto–Owners Insurance*, 719 N.E.2d 412 (Ind.Ct.App.1999). Auto–Owners contends that the trial court's denial of its motion for summary judgment is contrary to *Summers* because Cox failed to comply with the policy terms requiring suit to be brought within one year and Auto–Owners did not otherwise waive this requirement. We cannot agree.

■ Initially, we note that Cox failed to file an Appellee's brief. When an Appellee fails to submit an appellate brief, it is within this court's discretion to reverse the trial court's ruling if the appellant makes a prima facie showing of reversible error. *Santana v. Santana,* 708 N.E.2d 886, 887 (Ind.Ct.App.1999). If the appellant is unable to meet this burden, we will affirm. *Id.* This rule was designed to protect the court and to relieve us of the burden of controverting the arguments advanced for a reversal where such a burden properly rests with the appellee. *Id.* However, as we reach the issue on the merits, we decline to apply this standard.

■ The purpose of summary judgment is to end litigation about which there can be no factual dispute and which may be determined as a matter of law. *LeBrun v. Conner,* 702 N.E.2d 754, 756 (Ind. Ct.App.1998). Upon appeal from an order denying summary judgment, this court faces the same issues as those presented to the trial court and must analyze the dispute in the same way. *Oelling v. Rao,* 593 N.E.2d 189, 190 (Ind.1992). We must liberally construe all designated evidence in favor of the non-moving party and resolve any doubt against the moving party. *Morton v. Moss,* 694 N.E.2d 1148, 1151 (Ind.Ct.App.1998). Summary judgment is appropriate only when the designated evidentiary material shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Id.*; Ind. Trial Rule 56(C). Therefore, on appeal, we must determine whether there is a genuine issue of material fact and whether the trial court has correctly applied the law. *Morton,* 694 N.E.2d at 1151. Where material facts conflict, or undisputed facts lead to conflicting material inferences, summary judgment should not be granted. *Keith v. Mendus,* 661 N.E.2d 26, 35 (Ind.Ct.App. 1996), *trans. denied.*

In *Summers,* the insured suffered a theft of personal property on July 3, 1996, and notified the insurance company of the loss approximately two weeks later. Auto–Owners sent inventory forms, a questionnaire, and proof of loss forms to the insured, who sent the completed forms back to Auto–Owners a month and a half later. One month later, on November 2, 1996, Auto–Owners requested an examination under oath and various documents. In response, the insured's attorney agreed to the examination of her client. The examination occurred on March 25, 1997 at which time the insured contested the requirement that he execute an authorization for the release of his tax records. The insured later refused to sign the transcript of the examination. On September 7, 1997, the insured's attorney sent Auto–Owners a letter claiming discrepancies in the transcript. Two weeks later, Auto–Owners notified the insured that his opportunity to· cooperate and comply with the terms and conditions of the policy expired on the one year anniversary of the July 3, 1996 loss, and accordingly he was barred from pursuing the matter further. *Summers,* 719 N.E.2d at 413–14.

■ The *Summers* court recited the well-established rule in Indiana that contractual limitations shortening the time to commence suit are valid, as long as the limitations period is reasonable. *Id.* at 414. The purpose of such provisions is to prevent the insured from engaging in unreasonable delay in proceeding to enforce or pursue the claim so that insurers may otherwise be protected. *Id.* However, insurers may waive limitations provisions either expressly or impliedly. Such waiver or estoppel may " 'result from acts of insurer causing insured or claimant under the policy to delay bringing suit until after the time provided for in the policy.' " *Id.* at 415 (citing *Huff v. Travelers Indem. Co.,* 266 Ind. 414, 363 N.E.2d 985, 991 (1977) (quoting 46 C.J.S. Insurance § 1264 (1946))). The court further stated:

"[C]ontractual limitation periods may be waived by an insurer if its conduct is sufficient to create a reasonable belief on the part of the insured that strict

compliance with the policy provision will not be required. *The focus of our inquiry then is upon the relationship between the parties, seeking to determine 'whether anything has been done . . . which would cause the insured to reasonably believe the limitation period will not be insisted upon.' If such a belief has been fostered by the insurer, it may no longer raise the limitation period as a defense.* 'To hold otherwise,' . . . 'would be to allow the insurer to lull an insured into not pressing his rights and then deny liability on the basis of the limitation period.' " *Id.* (citations omitted) (emphasis added). Further, an implied waiver will be found where " 'an insurance carrier does not deny coverage or liability, and proceeds to negotiate with the insured toward settlement of the claim.' " unless the insurer otherwise places the insured on notice that suit must be brought to pursue the claim further. *Id.* at 416 (citation omitted). Finally, the court noted that "once notice was given and no objection was raised to the mode of documentation and liability was not denied until long after the twelve-month period, then the insurer has waived his right to insist on either provision." *Id.* at 417 (citing *Huff,* 266 Ind. at 425, 363 N.E.2d at 992).

The court in *Summers* ultimately determined that Auto–Owners did not waive the limitations period, but instead repeatedly sought to enforce the policy requirements in the face of noncompliance by the insured. *Id.* at 416. Accordingly, summary judgment was granted in favor of Auto–Owners.

■ The same policy language at issue in *Summers* is at issue in the present case: "We may not be sued unless there is full compliance with all the terms of this policy. Suit must be brought within one year after the loss or damage occurs." However, from our review of the Record, the similarity between the two cases ends there. Here, Cox immediately notified her insurance agent of the storm damage, and no objection was made to the type of documentation that she provided. Her contact with the agent indicated that while efforts to repair the roof had failed, negotiations continued. One could reasonably infer that filing suit to collect on the claim was not being insisted upon. Further, Auto–Owners does not dispute that the Webb Agency acted as its agent. Accordingly, we hold that a question of fact exists for the jury to determine whether the actions of the Webb Agency in failing to make the needed repairs constituted conduct sufficient to create a reasonable belief on Cox's part that strict compliance with the policy provisions would not be required. Therefore, the trial court did not err in denying summary judgment in favor of Auto–Owners.

Affirmed.

BAKER, J., and RILEY, J., concur.