**Patricia Sue WOODARD,
Appellant–Petitioner,**

v.

**Calvin Coolidge WOODARD, Jr.,
Appellee–Respondent.**

No. 53A01–0307–CV–257.

Court of Appeals of Indiana.

Aug. 27, 2003.

David C. Grupenhoff, Thomas M. Barr & Associates, Nashville, IN, Attorney for Appellant.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Patricia Sue Woodard brings this interlocutory appeal of the trial court's ruling that granted a change of venue to Calvin Coolidge Woodard, Jr.[1] in the parties' pending dissolution proceeding.

We affirm.

### ISSUE

Whether the trial court abused its discretion by granting Calvin's motion for a change of venue more than 20 days after Patricia filed her petition for dissolution.

### FACTS

According to the Chronological Case Summary ("CCS"), Patricia filed her petition for dissolution in the Brown County, Indiana Circuit Court on February 25, 2003. At the time the petition was filed, Patricia had been a resident of Monroe County for six months. Also, both parties had been residents of Indiana for six months and Calvin had been a resident of Marion County for approximately two months. The CCS indicates that in order to obtain service of process, a Marion County Sheriff's Deputy left a copy of the petition at Calvin's place of employment on Friday, March 7, 2003.

The CCS notes that Calvin's counsel filed an appearance and a motion for a continuance of the provisional hearing on March 11, 2003. The motion asserted that Calvin received the notice after work on March 7, 2003. The motion further asserted that counsel would be out of the country from March 8, 2003 through March 21, 2003, and would not return to his office until Monday, March 24, 2003. The certificate of service on the motion was dated Saturday, March 8, 2003.

---

1. Calvin did not file a brief in this matter. "When an appellee fails to submit an appellate brief, it is within this court's discretion to reverse the trial court's ruling if the appellant makes a prima facie showing of reversible error. If the appellant is unable to meet this burden, we will affirm. This rule was designed to protect the court and to relieve us of the burden of controverting the arguments advanced for a reversal where such a burden properly rests with the appellee." *Auto–Owners Ins. Co. v. Cox*, 731 N.E.2d 465, 467 (Ind. Ct.App.2000) (citations omitted).

The CCS indicates that on Saturday, April 5, 2003, Calvin filed his "Motion for Transfer of Cause to Proper County," pursuant to Indiana Code § 31–15–2–6 (residency requirements for dissolution proceedings), and Indiana Trial Rule 75 (change of venue). Calvin requested that the matter be transferred to Monroe County, the county of Patricia's residency as indicated in her petition.

On April 7, 2003, Patricia filed her objection to the motion for change of venue. Patricia urged that pursuant to Indiana Trial Rule 12 governing the filing of motions for a change of venue, Calvin waived his objection to improper venue by failing to raise the claim within 20 days of the service of the petition. In a subsequent memorandum in response to Patricia's claim that improper venue was waived, Calvin countered that Indiana Trial Rule 12(B)(8) and case law allow a party to raise the defenses within Trial Rule 12(B), including Trial Rule 12(B)(3) for improper venue, at any time prior or during the trial when the action is one in which no responsive pleading is required, such as a dissolution proceeding.

On May 1, 2003, the Brown Circuit Court granted Calvin's motion for a change of venue and, *inter alia,* ordered the cause transferred to Monroe County. The trial court acknowledged an apparent conflict within Trial Rule 12(B)(8) regarding the timeframe for filing motions for a change of venue in actions where no responsive pleading is required. The trial court noted that the 20–day period for the filing of Trial Rule 12(B) motions had expired when Calvin filed his motion 29 days after he received service of the dissolution proceedings. However, the court determined that Calvin did not waive the objection, inasmuch as other language within Trial Rule 12(B) allows a party to raise any of the Trial Rule 12(B) matters through the time of the trial. The trial court noted that the conflict had been resolved by appellate decisions in favor of the timeliness of such motions, even after the expiration of the 20–day period.

## DECISION

Patricia contends that the trial court abused its discretion by granting Calvin's motion to transfer venue to Monroe County. We disagree.

"When a motion brought under T.R. 12(B)(3) and T.R. 75 is granted, the remedy is not to dismiss the case, but to transfer it to the court where it should have been brought initially." *Hollingsworth v. Key Benefit Adm'rs, Inc.,* 658 N.E.2d 653, 655 (Ind.Ct.App.1995), *trans. denied.* "As such, the trial court's grant or denial of the motion is an interlocutory order because it is one 'made in the progress of the cause, requiring something to be done or observed, but, not determining the controversy.'" *Id.* (quoting *Cirtin v. Cirtin,* 199 Ind. 737, 739, 164 N.E. 493, 494 (1928)).

A trial court's ruling on a Trial Rule 12(B) motion based upon improper venue under Trial Rule 75 is reviewed for an abuse of discretion. *Id.* An abuse of discretion occurs when a trial court's decision is clearly against the logic and effect of the facts and circumstances or if the trial court has misinterpreted the law. *Id.*

Trial Rule 12(B)(3) and (8) provide:

Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required; except that at the option of the pleader, the following defenses may be made by motion:

\* \* \* \* \*

(3) Incorrect venue under Trial Rule 75, or any statutory provision. The dis-

position of this motion shall be consistent with Trial Rule 75.

\* \* \* \* \*

(8) ... A motion making any of these defenses shall be made before pleading if a further pleading is permitted or within twenty [20] days after service of the prior pleading if none is required. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at trial any defense in law or fact to that claim for relief.

Patricia's argument focuses upon the 20–day period from service for filing a motion when no responsive pleading is required. Calvin asserted, and the trial court agreed, the last sentence allows a party to present any Trial Rule 12(B) motions through the time of trial.

In *In re Marriage of Murray,* 460 N.E.2d 1023, 1026 (Ind.Ct.App.1984), this court noted that a responsive pleading is not required in dissolution proceedings. The court in *Murray* rejected the wife's contention that the husband's motion to dismiss was untimely as outside of the 20–day period. The court stated:

> When the adverse party is not required to file a responsive pleading, he 'may assert at trial any defense in law or fact to that claim for relief.' T.R. 12(B). .... Thus, Husband could raise his affirmative defense at trial or, of course, any time before trial.

*Id.*

It is true that parties can waive the Trial Rule 12(B) matters by filing responsive pleadings without raising those issues. *See e.g., Sanson v. Sanson,* 466 N.E.2d 770, 773 (Ind.Ct.App.1984); *Burbach v. Burbach,* 651 N.E.2d 1158, 1161 (Ind.Ct.App.1995). However, no responsive pleading was filed in the present case. The only motion filed by Calvin prior to his motion raising improper venue was a motion to continue the provisional hearing set for the day after his counsel's return to the office after having been out of the country, March 25, 2003. The certificate of service for that motion noted that it was served on Saturday March 8, the same day counsel was leaving to go out of the country. Calvin was served with the dissolution decree on Friday, March 7, 2003 after work. The evidence discloses that Calvin did not file a responsive pleading before his motion regarding improper venue.

Given that Calvin did not waive his objection to improper venue, and Trial Rule 12(B) allows such an objection through the time of the trial when no responsive pleading is required, the trial court did not abuse its discretion by granting Calvin's motion and transferring the cause to the county in which Patricia lived at the time that she filed for a dissolution of her marriage.

The trial court's interlocutory order transferring the cause to Monroe County is affirmed.

MAY and BARNES, JJ., concur.