JAMES H. HIGGASON, JR., Appellant-Plaintiff,
v.
INDIANA DEPARTMENT OF CORRECTION, ET AL., Appellees-Defendants.
No. 46A05-0510-CV-601
Court of Appeals of Indiana.
December 4, 2006
JAMES H. HIGGASON, JR., Westville, Indiana, Pro Se Appellant.

MEMORANDUM DECISION
VAIDIK, Judge.

Case Summary
James H. Higgason, Jr., a pro se prison inmate, appeals the dismissal of his small claim action against the Indiana Department of Correction and individual prison employees (collectively, "the DOC"). Specifically, Higgason contends that Indiana Code § 34-58-2-1 is unconstitutional and that the legislative and judicial branches of this State are conspiring to quash all offender litigation. Because Higgason either has waived or does not have standing to bring these arguments on appeal, we affirm the dismissal of his small claim action.

Facts and Procedural History
On August 22, 2005, Higgason filed a twenty-one-page Small Claim Notice of Claim against the DOC in LaPorte Superior Court alleging that the DOC "denied [him] of his state created entitlement to a sufficient quantity of free photocopies of his court pleadings to comply with the rules of court for filing, service on the opposing party, and one (1) copy for [his] personal records."[1] Appellant's App. p. 40a. Specifically, Higgason alleges that the DOC
ha[s] an assortment of illegitimate personal arbitrary reasons for refusing to comply with Higgason's requests for photocopies of his court pleadings, and [its] arbitrary reasons for denying Higgason's requests for copies of his court pleadings are not supported by any IDOC policy, or any state or federal rules of court, and they serve no legitimate penological objective.
Id. at 43a-44a. Higgason further alleges that because the DOC did not provide him with three copies of his various motions in another case, Higgason v. Lemmon, No. 77D019-912-CP-269, he was forced to send the original copies to the trial court clerk in that case, who charges $1.00 per page for copying.[2] As a result, Higgason seeks $1458.00 in damages in this small claim action.
On August 22, the very same day that Higgason filed his Notice of Claim in this case, the LaPorte Superior Court dismissed his claim pursuant to Indiana Code § 34-58-2-1. The Order provides:
This Court notes that on November 9, 2004 in H[i]ggason v. IDOC, Cause No. 46D03-0411-CT-378, the Court dismissed that action for the reason that it lacked a legal and factual basis. The Court pointed out to Mr. Higgason that this was the third dismissal by this Court of his claims. See: Higgason v. IDOC, Cause No. 46D03-0410-MI-332; Higgason v. IDOC, Cause No. 46D03-0410-PL-352; and Higgason v. IDOC, Cause No. 46D03-0411, CT-378. Therefore, he cannot file a lawsuit unless he complies with Indiana Code 35-41-1-25.
The Court now finds that plaintiff having failed to comply with the above statutory section, this matter may not proceed.
WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the plaintiff's claim may not proceed.
Id. at 3a. Higgason now appeals the dismissal of his Notice of Claim. The Attorney General filed a Notice of Non-Involvement in this appeal, and for that reason no brief was filed on behalf of the DOC.

Discussion and Decision
Higgason raises two main issues on appeal. First, he contends that Indiana Code § 34-58-2-1 is unconstitutional. Second, he contends that "[t]he Indiana General Assembly and the complete Indiana Judiciary are conspiring to suppress and/or quash all state prisoner litigation." Appellant's Br. p. 30. We address each issue in turn.

I. Constitutionality of Indiana Code § 34-58-2-1
Higgason contends that Indiana Code § 34-58-2-1 is unconstitutional. Although Higgason only challenges Indiana Code § 34-58-2-1 on appeal, it is one of five statutes that the Indiana General Assembly enacted in 2004 to screen and limit civil actions filed by offenders. These five statutesIndiana Code §§ 34-58-1-1 to -4 and Indiana Code §XX-XX-X-Xapply to causes of action filed after June 30, 2004. P.L. 80-2004. These statutes are in direct response to the prolific offender litigation that has been occurring in our state courts and were designed to balance an offender's right to file a civil action with the heavy burden that those suits have placed on our judicial system.[3] Specifically, Indiana Code § 34-58-2-1 provides, "If an offender has filed at least three (3) civil actions in which a state court has dismissed the action or a claim under IC XX-XX-X-X, the offender may not file a new complaint or petition unless a court determines that the offender is in immediate danger of serious bodily injury (as defined in IC XX-XX-X-XX)."[4] Higgason argues that this statute is
constitutionally unsound because it creates an insurmountable barrier which is denying Higgason access to the courtsconcerning any and all small claims complaints[5] that request compensation for the loss of his personal property, in that I.C. XX-XX-X-X requires the trial court to make a determination that the offender is in immediate danger of "serious bodily injury," (as defined in I.C. XX-XX-X-XX), and there are no imaginable circumstances where an offender would be, or could be, in "immediate" danger of serious bodily injury which relates to a "prior" personal property tort claim that may have accrued "years" prior [because of Notice of Tort Claim requirements] to the trial court's determination as to whether or not the plaintiff is "still" in "immediate" danger of "serious bodily injury."
Appellant's Br. p. 17.
After Higgason submitted his sixty-four-page Brief of Appellant in this case, we issued an opinion in Smith v. Indiana Dep't of Correction, 853 N.E.2d 127 (Ind. Ct. App. 2006), trans. pending, in which we addressed the constitutionality of Indiana Code § 34-58-2-1. Specifically, we held that Indiana Code § 34-58-2-1 did not violate Article I, Sections 12 (the Open Courts Clause) and 23 (the Privileges and Immunities Clause) of the Indiana Constitution. See id. at 133-138. In this appeal, Higgason asserts that Indiana Code § 34-58-2-1 violates the First and Fourteenth Amendments of the United States Constitution and Article I, Sections 9 and 12 of the Indiana Constitution. Other than asserting that he has a right of access to the courts and due process of law, Higgason presents no analysis whatsoever of Indiana Code § 34-58-2-1 under these constitutional provisions. Higgason has therefore waived his constitutional challenges to this statute. See Ind. Appellate Rule 46(A)(8)(a).

II. Conspiracy
In a related argument, Higgason contends that by enacting the statutes designed to curb offender litigation and by dismissing offender complaints, the legislative and judicial branches of this State are conspiring to quash all prisoner litigation. In support of his allegations of conspiracy, Higgason cites to events that have happened in several of his cases. As for this case, Higgason alleges that the LaPorte Superior Court switched the courtroom in which he tried to file his Notice of Claim[6] and delayed in file-stamping his Notice of Claim and Notice of Appeal. Higgason, however, has demonstrated no injury from any of these actions. For example, Higgason's Notice of Claim was not dismissed because it was barred by the applicable statute of limitations, and this appeal has not been dismissed as untimely. Standing is a key component in maintaining our state constitutional scheme of separation of powers. Pence v. State, 652 N.E.2d 486, 488 (Ind. 1995) (citing Ind. Const. art. III, § 1), reh'g denied. "The standing requirement is a limit on the court's jurisdiction which restrains the judiciary to resolving real controversies in which the complaining party has a demonstrable injury." Id. (quotation omitted). Because Higgason does not have a demonstrable injury, he has no standing to bring these issues on appeal.
After addressing the delays in file-stamping his Notice of Claim and Notice of Appeal, Higgason chastises the Indiana General Assembly and judiciary of this state for participating in what he perceives to be a conspiracy against his "right" to be a "prolific pro se prison litigant." Appellant's Br. p. 46. None of Higgason's allegations in this regard stem from the underlying small claims action, and therefore, we simply do not address them on appeal.
Affirmed.
BAKER, J., and CRONE, J., concur.
NOTES
[1] In support of his alleged state-created entitlement to free photocopies, Higgason cites "Administrative Procedures for Policy XX-XX-XXX, p. 6, section VII, 9/1/02 version," which provides:

In those cases where an offender does not have sufficient funds in the Inmate Trust Fund to pay for necessary copies of pleadings or other documents to be filed with a court, the facility shall provide the offender without charge:
A. Two (2) copies for the court or another amount as required by the court;
B. One (1) copy for each opposing party or their legal representative; and
C. One (1) copy for the offender's records.
Appellant's App. p. 42a-43a.
[2] Specifically, Higgason filed a 132-page document titled Plaintiff's Response to Defendants' Motion for Summary Judgment, a 335-page document titled Plaintiff's Memorandum of Law in Support of Plaintiff's Response to Defendants' Motion for Summary Judgment, a six-page document titled Verified Petition for Judicial Notice and Request for Order, and a thirteen-page document titled Motion to Reconsider and/or Motion for Order. We note that it is not at all clear from his Notice of Claim whether Higgason even paid for these copies as he phrases his allegations in terms of the amount of money "that it will cost for Higgason to purchase three (3) photocopies of his" documents. See Appellant's App. p. 50a, 52a, 54a, and 56a (emphasis added).
[3] In his brief, Higgason describes himself as "a prolific pro se prison litigant [who] takes pride in his litigious pursuits due to the benevolent incentives that compel him to devote so much time, and to exert so much energy, in those endeavors. . . ." Appellant's Br. p. 46. Higgason himself admits to filing 111 civil complaints arising out of the actions of one particular prison official.
[4] We note that Higgason does allege in his Notice of Claim that "he is in immediate danger of serious bodily injury." Appellant's App. p. 41a. However, Indiana Code § 34-58-2-1 requires the trial court to determine that the offender is in immediate danger of serious bodily injury. Simply asserting that you are in immediate danger of serious bodily injury does not give the trial court anything upon which to make such a determination.
[5] Higgason also argues that Indiana Code § 34-58-2-1 is unconstitutional because it creates an insurmountable barrier to all First and Fourteenth Amendment claims and most Eighth Amendment claims. However, this appeal does not involve a First, Eighth, or Fourteenth Amendment claim; therefore, Higgason has no standing to raise this issue on appeal. See Pence v. State, 652 N.E.2d 486, 488 (Ind. 1995) ("The standing requirement mandates that courts act in real cases, and eschew action when called upon to engage only in abstract speculation. An actual dispute involving those harmed is what confers jurisdiction upon the judiciary[.]"), reh'g denied.
[6] Higgason asserts that LaPorte Superior Court has a policy that prisoners located in the Maximum Control Facility in Westville must file their claims in Court 3, which then must undergo a screening process. Higgason, however, tried to file his Notice of Claim in Court 4 because he had received "several unfavorable decisions" from Court 3 that "he deemed to be unjust." Appellant's Br. p. 34.