James H. HIGGASON, Jr.,
Appellant–Plaintiff,

v.

**INDIANA DEPARTMENT OF CORRECTION, Appellee–Defendant.**

No. 46A03–0610–CV–474.

Court of Appeals of Indiana.

April 27, 2007.

---

James H. Higgason, Jr., Westville, IN, Appellant Pro Se.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Plaintiff, James H. Higgason, Jr. (Higgason), appeals the trial court's dismissal of his Complaint against Appellee–Defendant, the Indiana Department of Correction (DOC).

We affirm.

### ISSUE

Higgason raises two issues on appeal, which we restate as the following single issue: Whether, pursuant to Ind.Code § 34–58–2–1, the trial court properly dismissed Higgason's claim against the DOC.

### FACTS AND PROCEDURAL HISTORY

On August 17, 2006, Higgason, an inmate at the Westville Correctional Unit (WCU) in LaPorte County, Indiana, filed a Complaint against the DOC for actions by its employees that allegedly impeded Higgason's access to the courts. In essence, the Complaint asserted that these actions by WCU officials, including the use of physical force on three occasions, were in retaliation for Higgason's prolific amount of litigation.[1] As an example, Higgason

---

1. Higgason is no stranger to the trial and appellate process. Previous Opinions issued by this court indicate that Higgason has instituted nearly 120 actions during his thirty-one years of imprisonment, 111 of them arising out of alleged actions by one particular prison official. *See Higgason v. Indiana Dept. of Correction,* 856 N.E.2d 793 (Ind.Ct.App.2006); *Higgason v. Dept. of Correction,* 858 N.E.2d 254, (Ind.Ct.App.2006); *see also, e.g., Higgason v. Lemmon,* 818 N.E.2d 500 (Ind.Ct.App. 2004), *trans. denied.* Further, we note that Higgason has already contested the constitutionality of I.C. § 34–58–2–1, and does so

contended that WCU's legal advisor, Stephen Huckins (Huckins) refused to comply with Higgason's requests for photocopies of his court pleadings. In addition, Higgason claimed that the harassment and abuse by certain WCU employees rose to a level where he is in immediate danger of serious bodily injury.

In response, on August 21, 2006, the trial court entered the following Order:

### ORDER

Pursuant to [I.C. § 34–58–1–1], *[et al.]*, the [c]ourt now orders this claim docketed and has conducted a review as required by [I.C. § ] 34–58–1–2.

Upon reviewing [Higgason's] claim, the [c]ourt now finds as follows:

1. Pursuant to [I.C. § ] 34–58–2–1, [Higgason] has had three cases dismissed. Therefore, he may not file a new action unless the [c]ourt determines that he is in immediate danger of serious bodily injury as defined by [I.C. § ] 35–41–1–25.

2. [Higgason] has made no claim of being in immediate danger of [serious] bodily injury pursuant to Indiana Code.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED pursuant to [I.C. § ] 34–58–2–1, that [Higgason] may not proceed and this matter is now dismissed, with prejudice.

(Appellant's App. p. 1a).

Higgason now appeals. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

Higgason first argues that the trial court erred in dismissing his Complaint pursuant to I.C. § 34–58–2–1. Specifically, Higgason asserts that dismissal based on this statute violated numerous of his federal and state constitutional rights, including rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution, and Article I, Sections 9 and 12 of the Indiana Constitution.

### I. *Standard of Review*

Under I.C. § 34–58–1–2, a trial court may dismiss an offender's claim if it determines the claim is frivolous, not a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from liability. Here, the trial court dismissed Higgason's Complaint pursuant to I.C. § 34–58–2–1, which provides that if an offender has filed at least three civil actions in which a state court has dismissed the action or claim under I.C. § 34–58–1–2, the offender may not file a new complaint or petition unless a court determines that he is in immediate danger of serious bodily injury. *See Smith v. Ind. Dept. of Correction,* 853 N.E.2d 127, 132 (Ind.Ct.App.2006). In determining whether the offender is in immediate danger of serious bodily injury, the trial court looks only to the offender's complaint and makes a legal conclusion. *Id.* Thus, the dismissal of an offender's complaint pursuant to I.C. § 34–58–2–1 is a legal conclusion that is reviewed *de novo. Id.*

However, we note that the DOC did not file a brief in this matter. "When an Appellee fails to submit an appellate brief, it is within this court's discretion to reverse the trial court's ruling if the appellant makes a *prima facie* showing of reversible error. If the appellant is unable to meet this burden, we will affirm." *Woodard v. Woodard,* 794 N.E.2d 484, 487 n. 1 (Ind.Ct.App.2003), *trans. denied* (quoting *Auto–Owners Ins. Co. v. Cox,* 731 N.E.2d 465, 467 (Ind.Ct.App.2000)). Nev-

---

again here. *See Higgason,* 858 N.E.2d 254. In his prior attempt at challenging this statute, we concluded that he presented no legal analysis whatsoever to support his contention, and thus determined he had waived review of the claim. *Id.*

ertheless, in reviewing the issue at hand, we will look only to the well-pleaded facts contained in the complaint, as the trial court did. *Smith*, 853 N.E.2d at 132. We will then determine whether three claims have been dismissed and, if so, whether the offender's complaint established that he is in immediate danger of serious bodily injury. *Id.* We now turn to Higgason's constitutional challenges.

## II. Constitutional Challenges to I.C. § 34–58–2–1

In the course of Higgason's brief, references are made to the First, Eighth, and Fourteenth Amendments to the United States Constitution, as well as to Article I, Sections 9 and 12 of the Indiana Constitution, to support his contention that I.C. § 34–58–2–1 is unconstitutional. However, we find that because his arguments repetitively focus on an alleged violation of his right of access to the courts under Article I, Section 12 of the Indiana Constitution, while omitting any legal analysis as to the additional constitutional issues he raises, Higgason has waived review of all constitutional issues but that under Article I, Section 12 of the Indiana Constitution. *See* Ind. Appellate Rule 46(A)(8)(a).

Indiana Constitution's Article I, Section 12, the Open Courts Clause, provides: "All courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay." In *Smith*, we addressed the constitutionality of I.C. § 34–58–2–1 under the Open Courts Clause, and concluded that this statute "does not abrogate the right of a prisoner to bring a civil action; rather, it acts as a limiting device." *Smith*, 853 N.E.2d at 134. As Higgason contends now, Smith

argued that access to the courts is a fundamental right. *Id.* at 133. However, we reiterated in *Smith* our supreme court's holding in *Martin v. Richey*, 711 N.E.2d 1273 (Ind.1999), that there is not a fundamental right of access to the courts or to bring a particular cause of action to remedy an asserted wrong. *Smith*, 853 N.E.2d at 133. Rather, the legislature reserves the authority to modify or abrogate common law rights provided that such a change does not interfere with constitutional rights. *Id.* In so stating, the *Martin* court upheld the medical malpractice statute of limitations, emphasizing that although the statute of limitations may limit the substantive right that gives rise to a claim, it does not abrogate the right to seek redress in court because the bar does not fall until a reasonable time for filing has expired. *Id.*

Likening I.C. § 34–58–2–1 to a statute of limitations, we ultimately held in *Smith* that barring a prisoner's claim after three prior dismissals under I.C. § 34–58–1–2 does not infringe upon a fundamental right to seek redress in court, but instead places conditions on a prisoner's ability file a claim. *Id.* at 134. An offender can bring as many civil actions as he wants, as long as three actions have not been dismissed as being frivolous, not a claim upon which relief may be granted, or as seeking monetary relief from a defendant who is immune from liability for such relief. *Id.* Moreover, even if three claims have been dismissed for one of these reasons, the offender can continue to bring civil actions if a court determines that he is in immediate danger of serious bodily injury. *Id.*

Yet, we note that our decision in *Smith* was not without acknowledgement that there is a right of access to the courts and that the legislature cannot unreasonably deny citizens such access. *Id.* at 133. Consistent with the protections of Article

I, Section 12, any restriction must be a rational means to achieve a legitimate legislative goal. *Id.* As we held in *Smith,* we find in the instant case that the State undoubtedly has an interest in preserving valuable judicial and administrative resources. *Id.* at 134–35. Higgason has filed more than a hundred complaints in his thirty-plus years of incarceration, and has occupied valuable time and resources of the trial court, this court, as well as our supreme court. Furthermore, we find nothing in the record to substantiate Higgason's claim that he is immediate danger of serious bodily injury. *See* I.C. § 34–58–2–1.

Thus, we again hold that I.C. § 34–58–2–1 does not unreasonably deny offenders the right of access to the courts, but offers a balance between an offender's right to bring a civil action and the heavy burden that those claims have placed on our judicial system. *See Smith,* 853 N.E.2d at 135. Such screening mechanisms as those embodied in I.C. §§ 34–13–71–1, 34–58–1–2, and 34–58–2–1, were enacted to address, and are necessary to control, the unwarranted drain that litigious prisoners like Higgason put on the judicial system. *See Higgason,* 818 N.E.2d at 504–05.

### CONCLUSION

Based on the foregoing, we conclude that the trial court properly dismissed Higgason's Complaint pursuant to I.C. § 34–58–2–1.

Affirmed.

NAJAM, J., and BARNES, J., concur.