**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 23 2012, 8:47 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KIRK A. WEIKART**
Gardner Sayre & Weikart
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| HAWKINS AUTO STORES, INC., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 89A01-1110-SC-461 |
| | ) | |
| BRENT F. HEHR, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WAYNE SUPERIOR COURT
The Honorable Darrin M. Dolehanty, Judge
The Honorable David C. Stewart, Magistrate
Cause No. 89D03-1101-SC-95

**February 23, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Defendant Hawkins Auto Stores, Inc. ("Hawkins") appeals the judgment of the small claims court that it pay Appellee-Plaintiff Brent Hehr $3395.00 for repayment of funds paid by Hehr for services which he never received. We affirm.

## FACTS AND PROCEDURAL HISTORY

On or about April 16, 2004, Hehr paid $1000 toward a $7695 engine that was to be built by Hawkins. Hehr was not given a specific date when Hawkins would begin to build the engine but was told that Hawkins would begin building the engine after it was paid in full.

On December 31, 2004, Hawkins sold certain business assets on contract to Sam Wilson. Included in the contract sale was all work in process, orders for work in process, and a checking account. Pursuant to the terms of the contract sale, Wilson was permitted to use the name "Hawkins Auto Stores" despite the fact that he was actually operating a different company called Sam Wilson LLC. The contract sale was terminated on October 11, 2006, when ownership of Hawkins reverted to its prior owner, Jim Ray.[1] Hehr was never notified of the December 31, 2004 change in ownership or the October 11, 2006 reversion to prior ownership.

Hehr made twenty-eight payments totaling $3395 between April 16, 2004 and October 8, 2008, to cashiers at Hawkins. Hehr received a receipt after each payment that indicated that payment had been made to Hawkins. At some point after October 8, 2008, Hehr went to

_____

[1] Wilson subsequently declared bankruptcy.

Hawkins and requested his money back because his daughter was having surgery. Hawkins refused to refund any of Hehr's money.

On January 28, 2011, Hehr filed an action in small claims court seeking to recover his $3395 from Hawkins. Following a June 28, 2011 trial, the small claims court awarded Hehr $3395 plus court costs. On August 17, 2011, Hawkins filed a motion to correct error, which was subsequently denied by the small claims court. This appeal follows.

## DISCUSSION AND DECISION

Initially, we note that Hehr failed to file an Appellee's brief. "When an Appellee fails to submit an appellate brief, it is within this court's discretion to reverse the trial court's ruling if the appellant makes a prima facie showing of reversible error." *Auto-Owners Ins. Co. v. Cox*, 731 N.E.2d 465, 467 (Ind. Ct. App. 2000) (citing *Santana v. Santana*, 708 N.E.2d 886, 887 (Ind. Ct. App. 1999)). "If the appellant is unable to meet this burden, we will affirm." *Id.* "Prima facie error in this context is defined as, at first sight, on first appearance, or on the face of it." *Tisdial v. Young*, 925 N.E.2d 783, 785 (Ind. Ct. App. 2010) (quotation omitted).

> Judgments in small claims actions are "subject to review as prescribed by relevant Indiana rules and statutes." Ind. Small Claims Rule 11(A). In the appellate review of claims tried by the bench without a jury, the reviewing court shall not set aside the judgment "unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Ind. Trial Rule 52(A). In determining whether a judgment is clearly erroneous, the appellate tribunal does not reweigh the evidence or determine the credibility of witnesses but considers only the evidence that supports the judgment and the reasonable inferences to be drawn from that evidence. *See* [*Estate of Reasor v. Putnam Cnty.*, 635 N.E.2d 153, 158 (Ind. 1994); *In re Estate of Banko*, 622 N.E.2d 476, 481 (Ind. 1993)]. A judgment in favor of a party having the burden of proof will be affirmed if the evidence

3

was such that from it a reasonable trier of fact could conclude that the elements of the party's claim were established by a preponderance of evidence. This deferential standard of review is particularly important in small claims actions, where trials are "informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law." Ind. Small Claims Rule 8(A).

*City of Dunkirk Water & Sewage Dept. v. Hall*, 657 N.E.2d 115, 116 (Ind. 1995).

Hawkins argues on appeal that the small claims court erred in ordering that it pay $3395 to Hehr because at least $1360 of those funds were paid to Wilson during the period that he owned the business and did not remain with the business when it reverted back to its prior ownership. Hawkins argues that according to the terms of the contract sale agreement with Wilson, Wilson was permitted to use the name Hawkins Auto Stores, but was actually operating as a separate entity called Sam Wilson LLC. Thus, Hawkins argues, Wilson, and not Hawkins, should be liable for repayment of the funds paid by Hehr during the period when Wilson owned the company.

However, upon review, the record demonstrates that throughout the entire period that Hehr was making payments on the engine, Hehr was never notified that Hawkins had changed ownership. Hehr made twenty-eight payments toward the engine totalling $3395 to cashiers at Hawkins, and he received twenty-eight receipts for these payments, all of which bore the name "Hawkins." Hehr testified that at all times, he believed that all of his payments were being made to Hawkins, and indicated that he would have inquired about the change in ownership if he had received notice of the change. In addition, the record lacks any evidence that Hawkins notified any of its customers of the initial ownership change or the reversion back to the original ownership. Moreover, Hawkins's testimony indicated that

4

it never took any steps or expended any funds in furtherance of building the engine for Hehr.

In light of this evidence, we cannot say that the small claims court erred in determining that Hehr was entitled to reimbursement from Hawkins in the amount of $3395.

The judgment of the small claims court is affirmed.

KIRSCH, J., and BARNES, J., concur.