**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 27 2012, 8:25 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JENNIFER HOWARD, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1108-CR-684 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Kimberly J. Brown, Judge
The Honorable Teresa A. Hall, Commissioner
Cause No. 49G16-1007-FD-57774

**February 27, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant/Defendant Jennifer Howard appeals her conviction for Class A misdemeanor Domestic Battery.[1]  Specifically, Howard contends that the evidence is insufficient to support her conviction.  We affirm.

## FACTS AND PROCEDURAL HISTORY

At approximately 11:30 a.m. on July 24, 2010, Howard approached her ex-husband, Jeremy Howard, and his girlfriend in his neighborhood while they were walking behind the former couple's minor children, who were riding bicycles.  Howard engaged Jeremy in an argument, at the end of which Howard struck Jeremy in the chest.  After striking Jeremy, Howard left the neighborhood, and Jeremy returned home.

Later that afternoon, Howard came to Jeremy's home.  Jeremy was not home at the time, but returned soon thereafter.  Upon arriving home, Howard and Jeremy went into his garage and again began to argue.  During this argument, Howard hit Jeremy across the nose with either her left fist or a plastic bottle that she was holding in her left hand.  The contact caused Jeremy pain and left a red mark on his nose.  After being struck by Howard, Jeremy retreated into his home and waited for the police to arrive.  Upon arriving at Jeremy's home, Indianapolis Metropolitan Police Officers Jeffrey Good and Daniel Bullman observed red marks on Jeremy's face and nose.  Officer Bullman subsequently placed Howard under arrest.

On July 26, 2010, the State charged Howard with Class D felony domestic battery, Class A misdemeanor domestic battery, and Class A misdemeanor battery.  Following a

---

[1] Ind. Code § 35-42-2-1.3 (2010).

2

bench trial, the trial court found Howard not guilty of Class D felony domestic battery, but guilty of Class A misdemeanor domestic battery and Class A misdemeanor battery. The trial court merged the Class A misdemeanor battery conviction into the Class A misdemeanor domestic battery conviction. On July 8, 2011, the trial court sentenced Howard to 365 days of incarceration with 359 days suspended. Howard now appeals.

## DISCUSSION AND DECISION

Howard contends that the evidence is insufficient to support her conviction for Class A misdemeanor domestic battery. Initially, we note that the State failed to file an Appellee's brief. "When an Appellee fails to submit an appellate brief, it is within this court's discretion to reverse the trial court's ruling if the appellant makes a prima facie showing of reversible error." *Auto-Owners Ins. Co. v. Cox*, 731 N.E.2d 465, 467 (Ind. Ct. App. 2000) (citing *Santana v. Santana*, 708 N.E.2d 886, 887 (Ind. Ct. App. 1999)). "If the appellant is unable to meet this burden, we will affirm." *Id.* "Prima facie error in this context is defined as, at first sight, on first appearance, or on the face of it." *Tisdial v. Young*, 925 N.E.2d 783, 785 (Ind. Ct. App. 2010) (quotation omitted).

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction.… The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (citations, emphasis, and quotations omitted). "[I]t is for the trier of fact to reject a defendant's version of what happened, to

3

determine all inferences arising from the evidence, and to decide which witnesses to believe." *Holeton v. State*, 853 N.E.2d 539, 541 (Ind. Ct. App. 2006). Upon review, appellate courts do not reweigh the evidence or assess the credibility of the witnesses. *Stewart v. State*, 768 N.E.2d 433, 435 (Ind. 2002).

Indiana Code section 35-42-2-1.3 provides that "[a] person who knowingly or intentionally touches an individual who: (1) is or was a spouse of the other person; (2) is or was living as if a spouse of the other person …; or (3) has a child in common with the other person; in a rude, insolent, or angry manner that results in bodily injury to the person … commits domestic battery, a Class A misdemeanor." Thus, in order to convict Howard of Class A misdemeanor domestic battery, the State was required to prove that Howard knowingly or intentionally touched her ex-husband in a rude, insolent, or angry manner that resulted in bodily injury to her ex-husband.

On appeal, Howard argues that the evidence is insufficient to prove that she knowingly or intentionally touched Jeremy because Jeremy first touched her arm, causing her to accidently hit him in the face. The evidence most favorable to the trial court's judgment, however, demonstrates that Howard came to Jeremy's home, engaged him in an unprovoked argument, and struck Jeremy across the nose with a plastic bottle that she was holding in her left hand with sufficient force to cause him pain and to leave a red mark on his face. We conclude that the above-stated evidence is sufficient to support the reasonable inference that Howard knowingly or intentionally struck Jeremy in a rude, insolent, or angry manner that resulted in bodily injury to Jeremy. Howard's argument on appeal effectively amounts to an

4

invitation for this court to reweigh the evidence, which we will not do.

The judgment of the trial court is affirmed.

KIRSCH, J., and BARNES, J., concur.