## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 23 2018, 8:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jon D. Madison
DeFur Voran, LLP
Muncie, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| The Housing Authority of the City of Muncie, Indiana, *Appellant-Plaintiff,* | March 23, 2018 |
| | Court of Appeals Case No. 18A02-1710-SC-2399 |
| v. | Appeal from the Delaware Circuit Court |
| Jeff Hager, *Appellee-Respondent.* | The Honorable Thomas A. Cannon, Jr., Judge |
| | Trial Court Cause No. 18C05-1708-SC-1333 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Plaintiff, The Housing Authority of the City of Muncie (MHA), appeals the small claims court Order of Dismissal, dismissing its Complaint against Appellee-Defendant, Jeff Hager (Hager), for breach of the lease agreement.

We affirm.

# ISSUE

MHA presents us with one issue on appeal, which we restate as: Whether the small claims court properly dismissed its Complaint against Hager.

# FACTS AND PROCEDURAL HISTORY

MHA is a public housing agency providing low income housing to residents in Muncie, Indiana. Hager has been a resident of Earthstone Terrace, one of MHA's apartment communities, since executing a lease in 2009. Every year, all the residents are required to go through a recertification process to determine the amount of assistance each resident is entitled to receive based on his or her income. Hager's recertification is due annually in June, and up through May 2015 his monthly rent had been $0. On May 11, 2015, Hager submitted his Zero, Low or Undocumented Income Checklist and Worksheet. Based on the information provided by Hager on the Worksheet, his monthly rent was recalculated and determined to be $117 as of June 2015. After receiving the rent statement, Hager realized he had made a mistake on the Worksheet, and on June 22, 2015, he submitted a revised Zero, Low or Undocumented Income

Checklist and Worksheet. This revision resulted in a zero rent charge commencing in July 2015. Because Hager never paid the $117 rent assessed in June, MHA's late fee policy applied to the balance due. Accordingly, MHA assessed a monthly $10 late fee for the next three months. Pursuant to a notice dated July 22, 2015, the monthly late fee for all residents was increased to $25, effective September 1, 2015. As of September 1, 2017, Hager owed a total of $747 based on one delinquent monthly rent payment and subsequently incurred monthly late fees.

[5] On October 18, 2016, MHA sent a termination of lease notice to Hager and on November 16, 2016, MHA ordered Hager to vacate the apartment. On August 8, 2017, MHA filed its Complaint in the small claims court, alleging that "[t]here is currently due and owing from [Hager] to [MHA] the sum of $747.00 for rent and expenses through July 2017," and demanding "judgment against [Hager] in the amount of $747.00 for rent and expenses through July 2017 together with immediate possession of the aforesaid real estate[.]" (Appellant's App. Vol. II., pp. 63-64). On September 7, 21, and 28, 2017, respectively, the trial court conducted a hearing on MHA's Complaint. At the close of MHA's presentation of its case-in-chief, Hager made a motion to dismiss the case pursuant to Indiana Trial Rule 41(B), which was granted by the trial court. The trial court's Order of Dismissal concluded that:

> Upon the weight of the evidence and the law [MHA] has not met its burden of showing that there has been a material breach of the lease between the parties and therefore [MHA] is not entitled to evict [Hager] and the return of possession of the leasehold

premises. Further, the court finds that there is no unpaid rent or charges due [MHA] from [Hager]. [MHA's] Notice of Claim, and Complaint on Lease and for ejectment is dismissed with prejudice.

(Appellant's App. Vol. II, p. 86).

MHA now appeals. Additional facts will be provided if necessary.

# DISCUSSION AND DECISION

Judgments in small claims actions are "subject to review as prescribed by relevant Indiana rules and statutes." Ind. Small Claims Rule 11(A). Under Indiana Trial Rule 52(A), the clearly erroneous standard applies to appellate review of facts determined in a bench trial with due regard given to the opportunity of the trial court to assess witness credibility. This "deferential standard of review is particularly important in small claims actions, where trials are 'informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law.'" *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1037-68 (Ind. 2006) (quoting S.C.R. 8(A)). But this deferential standard does not apply to the substantive rules of law, which are reviewed *de novo* just as they are in appeals from a court of general jurisdiction. *Id.* at 1068. Similarly, where a small claims case turns solely on documentary evidence, we review *de novo*, just as we review summary judgment rulings and other "paper records." *Id.* The only issue in this case turns on the meaning of the lease, which is a pure question of law and is reviewed *de novo*. *Id.*

[8] We observe that Hager has filed no brief. When the appellee has failed to submit an answer brief, we need not undertake the burden of developing an argument on the appellee's behalf. *Id*. Rather, we will reverse the small claims court's judgment if the appellant's case presents a cause of *prima facie* error. *See id*. *Prima facie*, in this context is defined as, "at first sight, on first appearance, or on the face of it." *Santana v. Santana*, 708 N.E.2d 886, 887 (Ind. Ct. App. 1999). Where an appellant is unable to meet this burden, we will affirm. *Id*.

[9] A lease is construed in the same manner as any other contract. *T-3 Martinsville, LLC v. US Holding, LLC*, 911 N.E.2d 100, 111 (Ind. Ct. App. 2009), *trans. denied*. When construing the meaning of a contract, our primary task is to determine and effectuate the intent of the parties. *Id*. First, we must determine whether the language of the contract is ambiguous. *Id*. The unambiguous language of a contract is conclusive upon the parties to the contract and upon the courts. *Id*. If the language of the instrument is unambiguous, the parties' intent will be determined from the four corners of the contract. *Id*. If, on the other hand, a contract is ambiguous, its meaning must be determined by examining extrinsic evidence and its construction is a matter for the fact-finder. *Id*.

[10] The lease agreement entered into between MHA and Hager provides, in pertinent part, as follows:

> XIV. Termination of the Lease:
>
> In terminating the Lease, the following procedures shall be followed by [MHA] and Tenant:

(a) This Lease may be terminated only for serious or repeated violations of material terms of the Lease, such as failure to make payments due under the Lease or to fulfill Tenant obligations set forth in Section IX above, or for other good cause.

Such serious or repeated violations of terms **shall include but not be limited to:**

(1) The failure to pay rent or other payments when due;

(2) Repeated late payment, which shall be defined as failure to pay the amount of rent or other charges due by the 5th day of the month. Four such late payments within a 12 month period shall constitute a repeated late payment;

(3) Failure to pay utility bills when Tenant is responsible for paying such bills directly to the supplier of utilities;

\* \* \* \*

(Appellant's App. Vol. II, p. 23).

[11] "Whether a breach is material is generally a question of fact to be decided by the trier of fact." *State v. Int'l Bus. Machines Corp.*, 51 N.E.3d 150, 158 (Ind. 2016). A material breach is often described as one that goes to the "heart of the contract." *Id*. at 159. Here, the lease clarified a material breach to be "serious or repeated violations of material terms of the Lease" and further enumerated some possible instances of material breaches. (Appellant's App. Vol. II, p. 23). MHA's Complaint alleged that MHA "made demand upon [Hager] for the

amount of delinquent rental payments and expenses due to [MHA] and the demand for said payments has been refused." (Appellant's App. Vol. II, pp. 63-64). During the hearing, MHA presented evidence that Hager, due to his mistaken completion of the Zero, Low or Undocumented Income Checklist and Worksheet, incurred one, single rental payment of $117. Based on Hager's continuing refusal to pay his balance, MHA assessed a monthly late fee on the rental payment, resulting in an accrued balance of $747 by September 2017. We cannot conclude that the single missed rent payment, together with the late fee deriving from this one occurrence, fits the contractual specification of "serious or repeated violations" of a material term of the lease agreement. (Appellant's App. Vol. II, p. 23).

[12] Nevertheless, MHA contends in its appellate brief, that Hager's lease was not only terminated because of his failure to pay rent and late charges, but also because of "Hager's failure to pay his utility bills resulting in disconnection of service[.]" (Appellant's Br. p. 10). However, the Complaint did not include a "short and plain statement of" of this ground for MHA's decision to terminate the lease. *See* Ind. Trial Rule 8(A)(1). Even in its "demand," MHA only requested "judgment against [Hager] in the amount of $747.00 for rent and expenses[.]" (Appellant's App. Vol. II, p. 64). Accordingly, we conclude that,

based on the evidence before us, MHA did not establish that Hager committed a material breach of the lease.[1]

## CONCLUSION

Based on the foregoing, we hold that the small claims court properly dismissed MHA's claim against Hager with prejudice.

Affirmed.

May, J. and Mathias, J. concur

---

[1] Because we hold that MHA did not establish a material breach of contract, we need not address MHA's claim that the small claims court erroneously found that no unpaid rent or charges were due.